IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BENITO HERNANDEZ IBARRA,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-568-KC |
| § | |
| **WARDEN, ERO EL PASO CAMP** § | |
| **EAST MONTANA et al.,** § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Benito Hernandez Ibarra's Petition for a Writ of Habeas Corpus, ECF No. 1.  Hernandez Ibarra is detained at ERO El Paso Camp East Montana in El Paso, Texas.  *Id.* ¶ 1.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 8, 74–148.

Hernandez Ibarra has lived in the country since 1997 and was apprehended and detained by immigration authorities for the first time on October 22, 2025.  *Id.* ¶¶ 26, 28, 30.  In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, [Hernandez Ibarra's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Hernandez Ibarra's case warrant a different outcome."  *Id.*

Respondents argue that Hernandez Ibarra's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 5.

Hernandez Ibarra argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds.  Pet. ¶¶ 74–148.  To the extent Hernandez Ibarra challenges his detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Hernandez Ibarra's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citation omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–26, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Because Respondents have not identified any material differences

between Hernandez Ibarra's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Hernandez Ibarra's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Hernandez Ibarra's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before March 16, 2026**, Respondents shall either: (1) provide Hernandez Ibarra with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Hernandez Ibarra's continued detention; or (2) release Hernandez Ibarra from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 16, 2026**, Respondents shall **FILE** notice informing the Court whether Hernandez Ibarra has been released from custody.  If Hernandez Ibarra has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Hernandez Ibarra's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that if Hernandez Ibarra is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the March 16, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 9th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE